FRANK BERGEN, receiver,

*v.*

ISAAC LITTELL et al.

A receiver appointed under the act respecting executions (*Rev. p. 393*) filed a bill to set aside as fraudulent certain assignments of mortgages made by the execution debtor to his son and daughter after he had incurred complainant's debt, but before the judgment and execution thereon had been obtained. The bill also prayed a discovery as to the debtor's property, and as to his insolvency. On demurrer—*Held*, that the receiver could maintain the suit to set aside the assignments, if fraudulent, and to discover the debtor's property which is concealed, and that the inquiry as to his insolvency is pertinent to the question of fraud in his conduct.

Bill for discovery and relief. On special demurrer to bill.

*Mr. R. E. Chetwood,* for the demurrants.

*Mr. W. T. Day,* for complainant.

THE CHANCELLOR.

The complainant is a receiver appointed under the act "respecting executions." *Rev. p. 393.* By the bill, which is exhibited against the judgment debtor and his son and daughter, to the former of whom, on the 25th of June, 1884, the debtor assigned a mortgage then owned and held by him, of $3,000, for the consideration, as alleged in the assignment, of $1,000, and to the

latter, on the same day, he assigned two other mortgages for $700 and $200 respectively, also then owned and held by him, for the merely nominal consideration of $1. He was then indebted to the Importers and Traders National Bank of the city of New York, the creditor under whose judgment the complainant was appointed receiver, in a large sum of money, for which the bank subsequently recovered judgment against him in the supreme court of this state. The judgment was for $14,-687.85 damages, and $55.97 costs. The receiver was appointed July 9th, 1885. The bill is filed to set aside the assignments as fraudulent as against the complainant, and it prays a discovery as to the debtor's property and as to his insolvency. He demurs. The ground of demurrer is that the complainant, as receiver, has no right to any property of the defendant except that which he owned or was held in trust for him at the time of issuing the execution, and that the debtor cannot be required to answer as to his insolvency, which matter he also insists is immaterial. It is settled that a receiver, such as the complainant, can maintain a bill in his own name to clear the debtor's property which has been discovered from liens put upon it by the debtor in fraud of creditors. *Miller* v. *Mackenzie, 2 Stew. Eq. 291.* In the case just cited the bill was filed to set aside mortgages which the debtor had put upon personal property of his before the appointment of the receiver, and for a delivery of the property to the receiver. Nor is there any reason why, upon the principle of that case, the receiver may not bring a suit in equity to discover the debtor's property which is concealed. The inquiry as to his insolvency is pertinent to the question of fraud in his conduct, and the complainant is entitled to his answer upon that subject.

The demurrer will be overruled.